UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMIE SHIPPING INC., PUFFIN MARINE : 08 CV _____
INVESTMENTS SA and BANK MANDIRI :
(EUROPE) LTD. UK., :
 :
              Plaintiffs, :
 :
  - against - :
 :
OMAN INSURANCE CO., :
 :
             Defendant. :
-----------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                     )  ss: SOUTHPORT
County of Fairfield  )

     Anne C. LeVasseur, being duly sworn, deposes and says:

    1.     I am a member of the Bar of this Court and represent the Plaintiffs herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiffs' prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

    2.     I have attempted to locate the Defendant, OMAN INSURANCE CO. within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendant.

3. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

5. This is Plaintiffs' first request for this relief made to any Court.

### PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6. Plaintiffs seek an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiffs may hold property of, for or on account of, the Defendant.

7. Plaintiffs seek to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiffs and entered against the Defendant.

8. To the extent that this application for an Order appointing a special process server

with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9. Plaintiffs also respectfully request that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10. Further, in order to avoid the need to physically serve the garnishees/banks daily and repetitively, Plaintiffs respectfully seek further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

## PRAYER FOR RELIEF TO TEMPORARILY SEAL CASE

11. Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

12. Upon information of belief, it is the practice of certain publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus further defeating the purpose of the "Ex Parte" application.

13. Upon information and belief, Tradewinds has very recently publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

14. The Courts within the Southern District of New York have an interest in preserving the efficacy of the Ex Parte Orders issued therein.

15. The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily until assets are attached and notice of attachment has been provided to the Defendant.

16. Indeed, the public's access to Ex-Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendant to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

17. For the foregoing reasons, Plaintiffs request that the Court issue an Order temporarily sealing the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached.

18. This request is narrowly tailored to meet Plaintiffs' needs. Once property is attached, the case should be unsealed, as the interest underlying sealing the case will have been largely eliminated.

Dated:    July 30, 2008
          Southport, CT

_____
Anne C. LeVasseur

Sworn and subscribed to before me
this 30th day of July, 2008

_____
Notary Public