UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMIE SHIPPING INC., PUFFIN MARINE
INVESTMENTS SA and BANK MANDIRI      Case No.: 08 CV 6882(JFK)
(EUROPE) LTD., UK,

                              Plaintiffs,

                - against -

OMAN INSURANCE COMPANY,

                            Defendant.
-------------------------------------------------------------X

**COPY**

## DEFENDANT OMAN INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF TO ACCEPT AN IRREVOCABLE LETTER OF CREDIT AS SUBSTITUTE SECURITY PURSUANT TO RULE E(5) OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS

## PRELIMINARY STATEMENT

Defendant Oman Insurance Company ("OIC") respectfully submits this Memorandum of Law in support of its motion to compel plaintiff to accept an irrevocable letter of credit issued by Meshreq Bank as substitute security for the $3,558,738.50 attached by plaintiffs pursuant to the *Ex Parte* Order for Process of Maritime Attachment issued by this Court on July 31, 2008 ("Attachment Order").

## STATEMENT OF FACTS

This litigation involves claims asserted by plaintiffs based upon defendant OIC's alleged wrongful failure to pay money due to plaintiffs under a policy of marine hull insurance issued by OIC. Plaintiffs allege that they are entitled to payment of the insurance proceeds as the result of the sinking of two ships they owned. *See* Affidavit of Christopher Carlsen dated August 22, 2008, ¶ 3, submitted in support of the motion ("Carlsen Affidavit").

The marine hull insurance policy issued by OIC contains a clause providing that the insurance is subject to the exclusive jurisdiction of the "English Courts, Law and Practice." Accordingly, plaintiffs have commenced proceedings against OIC in the High Court of London seeking payment of the insurance proceeds. *Id.* ¶¶ 4-5. They commenced the action in this Court, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), in order to obtain jurisdiction over OIC and also to obtain security for their claims and in aid of the London High Court proceedings. *Id.*, ¶ 6.

Plaintiffs have attached $3,558,738.50 pursuant to the Attachment Order. *Id.*, ¶ 8. OIC has offered to provide to plaintiffs an irrevocable letter of credit issued by Mashreq Bank as

substitute security for the full amount of the attached funds which will fully protect plaintiffs' interests in this litigation.[1] Mashreq Bank is a financially sound banking institution with offices in New York City (and London) which is supervised by the New York State Banking Department. *Id.,* ¶12. Plaintiffs have rejected this offer of substitute security. *Id.,* ¶¶ 9-11.

## ARGUMENT

### I

### PLAINTIFFS SHOULD BE COMPELLED TO ACCEPT THE LETTER OF CREDIT AS SUBSTITUTE SECURITY

Supplemental Rule E(4)(f) provides, in relevant part, that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."

Supplemental Rule E(5)(a) provides, in relevant part, that "[w]henever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court."

The plain language of Rule E(5)(a) entitles OIC to have the attached funds released "on the giving of security, to be approved by the court." The irrevocable letter of credit offered by OIC constitutes sufficient substitute security and should be approved by the Court because it completely protects plaintiffs' position in this litigation. The letter of credit is: (1) irrevocable;

---

[1] The proposed letter of credit is expressly conditioned to reserve all of OIC's rights, defenses and remedies with respect to the plaintiffs' claims and the proceedings in this Court and the London High Court, including its right to challenge the basis and validity of the Attachment Order. OIC expressly reserves all such rights, defenses and remedies in this litigation, including specifically the issue of whether the Complaint should be dismissed, and the attachment vacated, based upon the exclusive jurisdiction clause in the parties' contract.

(2) issued for the full amount of the attached funds; (3) conditioned to answer the judgment of the High Court of London, and (4) issued by Mashreq Bank, a financially sound banking institution with offices in New York (and London) which is supervised by the New York State Banking Department. *See* Carlsen Affidavit, ¶12.

Plaintiffs' position that a plaintiff may be compelled to accept only a surety bond as substitute security for the attached funds is not supported by the language of Rule E(5)(a), which specifically provides for the release of attached funds "on the giving of *security*." It does not require that the security be in the form of a "surety bond." The determination of what constitutes adequate substitute security lies within the discretion of the Court. *See In the Matter of Slobodna Plovidba*, 1987 WL 20043 *2 (W.D. Mich., March 26, 1987)(rejecting the argument that a surety bond, rather than a letter of undertaking, must be posted as security in a proceeding under Supplemental Rule F); *In the Matter of A&J Towing, Inc.*, 1997 WL 289396 *2 (E.D. La., May 29, 1997)(rejecting argument that term "approved security" under Supplemental Rule F encompasses only cash and bonds, and excludes letters of undertaking); *Karim v. Finch Shipping Co.*, 1998 WL 713396 *1 (E.D. La. October 6, 1998)(The Court has an "absolute right to determine what constitutes approved security" under Supplemental Rule F).

The purpose of a Rule B attachment is two-fold: "first, to gain jurisdiction over an absent defendant; and second, to assure satisfaction of a judgment." *Aqua Stoli Shipping Ltd. v. Gardner Smith PTY, Ltd.*, 460 F.3d 434, 437 (2d Cir. 2006). After the plaintiff achieves these objectives through the Rule B attachment, Rule E(5) enables the defendant to continue to use the attached property, while providing the plaintiff with security for any future judgment. Rule E(5) does not dictate the type of security that must be provided, it simply requires that the substituted security be sufficient to protect plaintiff's position. The irrevocable letter of credit offered by OIC

satisfies that test. Accordingly, the Court should approve, and compel plaintiffs to accept, the irrevocable letter of credit as substitute security for the attached funds in accordance with Supplemental Rule E(5).

## CONCLUSION

OIC respectfully requests that its motion to compel be granted, and that the attached funds be released immediately, along with such other and further relief as this Court deems fair and just.

Dated: August 22, 2008
New York, New York

Respectfully submitted,

By _____
Christopher Carlsen (CC 9628)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Defendant
Oman Insurance Company